OPINION
Appellant, the State of Ohio, appeals from a decision of the Portage County Court of Common Pleas which dismissed an action scheduled to determine if appellee, Donald Reid, should be declared a sexual predator under Ohio's version of Megan's Law, newly amended R.C. Chapter 2950. For the reasons which follow, we affirm the judgment of the trial court.
Following a jury trial in December 1995, appellee was convicted of one count of gross sexual imposition in violation of R.C.2907.05. On March 19, 1996, appellee was sentenced to serve a definite term of imprisonment of eighteen months.
Thereafter, the Ohio Department of Rehabilitation and Correction ("ORC") recommended, pursuant to R.C. 2950.09, that the court adjudicate appellee as a sexual predator. A hearing date was scheduled to determine whether appellee should be adjudicated a sexual predator.
On April 7, 1997, appellee filed a motion through counsel to dismiss the ORC recommendation that he be adjudicated a sexual predator on the grounds that R.C. 2950.09 and the related code sections were unconstitutional as applied to him and others similarly situated.
On May 1, 1997, the trial court granted appellee's motion to dismiss holding that R.C. Chapter 2950 was unconstitutional. The state filed the instant appeal as a matter of right, asserting two assignments of error for our consideration:
 "[1.] THE TRIAL COURT ERRED IN DISMISSING THE RECOMMENDATION OF THE OHIO DEPARTMENT OF CORRECTIONS THAT THE DEFENDANT BE ADJUDICATED A SEXUAL PREDATOR BECAUSE THE ISSUE OF THE CONSTITUTIONALITY OF R.C. 2950 ET SEQ. WAS NOT PROPERLY BEFORE THE COURT.
 "[2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DETERMINING, AS A MATTER OF LAW, THAT R.C. 2050 [sic] ET SEQ. IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANTS CONVICTED AND SENTENCED FOR A SEXUALLY ORIENTED OFFENSE, AS DEFINED IN R.C. 2950.01(D), PRIOR TO JANUARY 1, 1997."
In the first assignment of error, appellant argues that appellee lacked standing to file the motion to dismiss the sexual predator proceedings instituted against him, and/or that the trial court erred by addressing the motion at a time when it was allegedly not ripe for review. Pursuant to this court's decision in State v. Reese (Feb. 12, 1999), Portage App. No. 97-P-0048, unreported, this assignment of error is without merit.
In the second assignment of error, appellant argues that the trial court erred when it held that R.C. Chapter 2950 was unconstitutional. Pursuant to this court's decision in State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, this argument is not well-taken. Although this writer interposed a dissent to the majority's mandate in Williams that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section I, Article I of the Ohio Constitution, it is clear that the decision in Williams controls the outcome of the instant appeal. Hence, I defer to the present controlling authority in this appellate district. The second assignment of error is also without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed. __________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.